## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| WISCONSIN CARRY, INC., | ) | |
| BRAD CHAPIEWSKY, | ) | |
| BENJAMIN MOYES, | ) | |
| LARRY HERZOG, and | ) | |
| WILLIAM J. VEERHUSEN, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 10-CV-548 |
| | ) | |
| CITY OF MADISON, WISCONSIN, | ) | |
| NOBLE WRAY, In his official | ) | |
| capacity as Chief Of Police of | ) | |
| the City of Madison, Wisconsin, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, WISCONSIN CARRY, INC., BRAD CHAPIEWSKY BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, by and through undersigned counsel, and complain of the Defendants as follows:

## THE PARTIES

1. Plaintiff WISCONSIN CARRY, INC. ("WCI") is a nonprofit corporation organized under the laws of the State of Wisconsin. The purposes of WCI include promoting the free exercise of the right to keep and bear arms for its members, and securing those rights through education, and litigation. WCI brings this action on behalf of itself and its members.

2. Plaintiff BRAD CHAPIEWSKY is an individual, and a member of WCI, residing in Madison, Wisconsin.

**Complaint for Declaratory and Injunctive Relief**          1

3. Plaintiff BENJAMIN MOYES is an individual, and a member of WCI, residing in Verona, Wisconsin.

4. Plaintiff LARRY HERZOG is an individual, and a member of WCI, residing in Columbus, Wisconsin.

5. Plaintiff WILLIAM J. VEERHUSEN is an individual, and a member of WCI, residing in Sun Prairie, Wisconsin.

6. Defendant CITY OF MADISON is a municipal corporation organized under the Constitution and laws of the State of Wisconsin. Defendant City of Madison is a "person" within the meaning of 42 U.S.C. § 1983. The City of Madison, through its police department, is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit. It has enforced the challenged laws, customs and practices against Plaintiff WCI's membership, including Plaintiffs BRAD CHAPIEWSKY, BENJAMIN MOYES, and LARRY HERZOG, and others, and is presently enforcing the challenged laws, customs and practices against the Plaintiffs' interests.

7. Defendant NOBLE WRAY is the Chief of Police of the City of Madison, Wisconsin, a political subdivision of the State of Wisconsin. Defendant WRAY is responsible for executing and administering the City of Madison's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against Plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against Plaintiffs. Defendant WRAY is sued in both his individual and official capacities.

## JURISDICTION & VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331, 1343, 2201, 2202, and 42 U.S.C. §1983.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. §1391 because the Defendants are located in this District.

## STATEMENT OF FACTS

10. The Second Amendment to the United States Constitution provides: "a well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

11. The Fourteenth Amendment to the United States Constitution provides, in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws."

12. The Second Amendment is incorporated as against the States and their political subdivisions pursuant to the Due Process Clause of the Fourteenth Amendment.

13. Article I, §25 of the Wisconsin Constitution provides that: "[t]he people have the right to keep and bear arms for security, defense, hunting, recreation or any other lawful purpose."

14. The Second Amendment to the United States Constitution and Article I, §25 of the Wisconsin Constitution guarantee individuals a fundamental right to carry functional handguns in non-sensitive public places.

15. The City of Madison retains the ability to regulate the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of arms that are not within the scope of the protection of the Second Amendment to the United States Constitution and Article I, § 25 of the Wisconsin Constitution, and disqualify specific, particularly dangerous individuals from carrying handguns.

16. The City of Madison may not deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or enforce its laws, customs and practices through its police department or impose regulations on the right to carry handguns that are inconsistent with the rights guaranteed by the Second Amendment to the United States Constitution and Article I, § 25 of the Wisconsin Constitution.

17. On or about Saturday, September 18, 2010, five (5) members of WCI met for dinner at a Culvers Restaurant in Madison, Wisconsin. Each of these individuals was openly carrying a handgun when they arrived at the restaurant, entered the restaurant and ordered and ate their meals.

18. At or about the time that the WCI members finished their meal and left the restaurant, a woman in her car observed them openly carrying handguns and called 911 to report

**Complaint for Declaratory and Injunctive Relief**         4

it to the City of Madison Police Department. Eight (8) Madison Police Officers responded to this 911 call.

19. As these WCI members left the restaurant, they were accosted by eight (8) City of Madison police officers, who demanded that they produce identification, and threatened that if they did not do so, they would be arrested. From the time that these WCI members arrived at the restaurant up to and including the time that the police officers confronted them and demanded that they produce identification or face arrest, none of the WCI members violated any law, nor were they involved in any violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct, nor did they through their conduct cause or provoke any disturbance.

20. Two of the five WCI members declined to provide identification to the police officers. Thereupon they were arrested and charged with obstructing an officer. On Monday, September 20, 2010, the City of Madison Police Department rescinded these citations for obstructing a police officer, and issued new citations to all five WCI members for disorderly conduct. The legal basis for the disorderly conduct citations asserted by the City of Madison Police Department was that a person in the restaurant was 'worried' when she saw men with openly carried handguns in the restaurant.

21. Thereafter, on September 22, 2010, the City of Madison issued a press release, which stated, *inter alia,* that Defendant had advised all officers in the Madison Police Department that if they are responding to an "individual armed with a firearm" call that they should use a

"tactical response" and that such individuals should be "contacted, controlled, and frisked for weapons."

22. The press release further stated that Defendant had advised all officers that they should "separate the suspect from any weapons in his/her possession during the encounter."

23. The press release further stated that Defendant had advised all officers that they should "verify that the firearm is not stolen, and attempt to verify that the person possessing the firearm is not legally barred from doing so."

24. The press release further stated that Defendant desires for "concerned citizens" to "call 911 when they see armed subjects."

25. The press release and the above-described instructions from Defendant Wray to his department were issued as a result of five members of WCI being detained for openly carrying firearms in a Culver's restaurant in Madison on September 18, 2010.

26. The arbitrary and capricious enforcement of Wisconsin statutes, including those for disorderly conduct and obstructing an officer, as well as the establishment of the customs, policies and practices set out in the press release issued by the City of Madison Police Department have and will cause present and future injury to WCI and its members, by creating a chilling effect, and/or preventing their free exercise of their constitutional right to keep and bear arms, protected by the Second Amendment to the United States Constitution and Article I, §25 of the Wisconsin Constitution.

## FIRST CAUSE OF ACTION
## U.S. CONSTITUTION, AMENDMENTS II & XIV, 42 U.S.C. §1983
## AGAINST ALL DEFENDANTS

27. Plaintiffs incorporate the allegations of Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. As alleged herein, the Defendant City of Madison and its police chief, Defendant Noble Wray, violated the Constitutional rights of WCI and its members, by demanding that WCI's members furnish identification to police officers, or face arrest for obstructing an officer and/or disorderly conduct, based solely upon the fact that these persons were openly carrying a firearm.

29. As alleged herein, the Defendant City of Madison and its police chief, Defendant Noble Wray, further violated the Constitutional rights of WCI and its members, by establishing a new custom, practice and policy of the Madison Police Department, as set out in the press release issued by the police department on September 22, 2010, that is designed and intended to chill and prevent WCI's members free exercise of their Constitutional right to keep and bear arms.

30. Defendants' laws, customs, practices policies violate the Second and Fourteenth Amendments to the United States Constitution and Article I, §25 of the Wisconsin Constitution, facially and as applied against WCI and its members in this action, damaging Plaintiffs in violation of 42 U.S.C. §1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, practices and policies.

## SECOND CAUSE OF ACTION
## U.S. CONSTITUTION, AMENDMENT V, 42 U.S.C. §1983
## AGAINST ALL DEFENDANTS

31. Plaintiffs incorporate the allegations of Paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. By encouraging people to call a police emergency line to report that they have seen someone with a firearm, as alleged in Paragraph 19 above, Defendants have established a policy of harassing anyone seen carrying a firearm, and thus of infringing on the right to keep and bear arms. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BRAD CHAPIEWSKY, BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

33. By establishing a policy of detaining and searching anyone seen carrying a firearm, regardless of whether reasonable suspicion or probable cause exist, Defendants have established a policy of subjecting people to unreasonable searches and seizures. The purpose and intent of such policy is to prevent and chill Plaintiff's members and others in their exercise of the right to keep and bear arms.

34. By establishing a policy of considering everyone seen carrying a firearm as a "suspect," Defendants have established a policy that is hostile and inimical to such person's right to keep and bear arms. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BRAD CHAPIEWSKY, BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

35. By establishing a policy of seizing the firearm of anyone seen by the police officer carrying one, in order to check to see if that firearm is stolen, Defendants have established a policy with the intended and actual purpose and effect of subjecting all persons seen carrying a firearm to an unreasonable search and seizure, in the form of obtaining and reporting serial numbers of firearms. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BRAD CHAPIEWSKY, BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

36. By establishing a policy of running a background check of every person seen carrying a firearm, Defendants have established a policy of subjecting all persons seen carrying a firearm to unreasonable searches and seizures. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BRAD CHAPIEWSKY, BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

37. As alleged hereinabove, each of the Defendants' customs, policies and practices have the intended purpose and actual effect of treating members of WCI and other persons who are openly carrying a handgun differently than other persons with respect to the administration and enforcement of the criminal laws of the State of Wisconsin, based solely on the fact that such persons are openly carrying a handgun. This conduct subjects WCI members and other persons to invidious discrimination, and constitutes a violation of their right to Equal Protection secured by the Due Process Clause of the Fifth Amendment to the United States Constitution, facially and as applied against Plaintiff WCI's members, including Plaintiffs BRAD CHAPIEWSKY,

BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, damaging Plaintiffs in violation of 42 U.S.C. §1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies and practices.

### THIRD CAUSE OF ACTION
### U.S. CONSTITUTION, AMENDMENT II, V, & XIV, 42 U.S.C. §1983
### AGAINST ALL DEFENDANTS

38.  Plaintiffs incorporate the allegations of Paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.  By maintaining and enforcing the laws, customs, practices, and policies set out above, Defendants are violating Plaintiff WCI and its members' rights under the Second Amendment and Fourteenth Amendment to the United States Constitution. Plaintiff is therefore entitled to declaratory and permanent injunctive relief against enforcement of these laws, customs, practices and policies.

40. By maintaining and enforcing the laws, customs, practices, and policies set out above, Defendants are violating Plaintiffs' rights to Equal protection of the law under the Fifth Amendment to the United States Constitution. Plaintiff WCI and its members, including Plaintiffs BRAD CHAPIEWSKY, BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others, are deprived of equal protection by virtue of the fact that the Defendants are enforcing criminal laws against the Plaintiff's members based solely on the exercise of their constitutional right to keep and bear arms, and specifically, on their choice to openly carry a firearm as allowed by law. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of these laws, customs, practices and policies.

41. The implementation and enforcement of the customs, practices and policies of the City of Madison Police Department as set out in its Press Release issued on September 22, 2010, constitutes an imminent and ongoing threat by the City of Madison, acting by and through its police department, to deprive the Plaintiffs and other members of WCI of its constitutionally protected right to keep and bear arms.

42. Plaintiffs and other members of WCI will suffer immediate and irreparable injury if the City of Madison, acting by and through its police department, is allowed to enforce the customs, practices and policies set out in the Press Release issued on September 22, 2010, during the pendency of this lawsuit.

43. Plaintiffs and other members of WCI have no adequate remedy at law with respect to the present and threatened injuries and damages they have and will suffer as a result of the enforcement of the customs, practices and policies of the City of Madison Police Department, as alleged herein. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief restraining the City of Madison and its Police Department from the infringement of Plaintiffs' Second Amendment right to keep and bear arms, and the right secured by Article I, §25 of the Wisconsin Constitution to openly carry firearms.

44. In particular, Plaintiffs are entitled to preliminary and permanent injunctive relief mandating the City of Madison and its Police Department to rescind and retract the orders and recommendations contained in its press release issued on September 22, 2010, and requiring these Defendants to take immediate corrective action to instruct its police officers and the

general public that these orders and recommendations violate the Constitutional rights of these Plaintiffs and others, and are therefore not to be followed.

45. Pursuant to 42 U.S.C. §1983, et.seq., Plaintiffs are entitled to declaratory judgment declaring their rights, and to recover their reasonable attorneys fees and costs in this matter.

## DEMAND FOR JURY

46. Pursuant to Fed. R. Civ. Proc. 38, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. For an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persona acting in active concert or participation with them who receive actual notice of the injunction, from enforcing the laws, customs, practices, and policies alleged herein.

2. For declaratory relief consistent with this injunction.

3. For Attorneys fees and costs of suit pursuant to 42 U.S.C. §1988.

4. For damages in such amount to be determined at trial.

5. For trial by jury of all issues so triable.

6. For any other further relief as the Court deems just and proper.

| TROUPIS LAW OFFICE, LLC | LAW OFFICES OF JOHN R. MONROE |
|---|---|
| By: /s/ James R. Troupis<br>    James R. Troupis<br>    Sarah E. Troupis<br>    Christ T. Troupis<br>    (Pro Hac Admission To Be Filed)<br>    Stewart W. Karge<br>    (Pro Hac Admission To Be Filed)<br>    Troupis Law Office LLC<br>    7609 Elmwood Ave<br>    Suite 102<br>    Middleton, WI 53562<br>    Ph: (608) 807-4096<br>    Email: jrtroupis@troupislawoffice.com<br>        *Attorneys for all Plaintiffs* | By: /s/ John R. Monroe<br>    John R. Monroe<br>    Attorney at Law<br>    9640 Coleman Road<br>    Roswell, GA 30075<br>    Ph: (678) 362-7650<br>    Fax: (770) 552-9318<br>    Email: john.monroe1@earthlink.net<br>        *Attorney for all Plaintiffs* |