IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN CARRY, INC.,
BRAD CHAPIEWSKY,
BENJAMIN MOYES,
LARRY HERZOG and
WILLIAM J. VEERHUSEN,

      Plaintiffs,                            Civil Action No. 10-CV-548

      v.

CITY OF MADISON, WISCONSIN
and NOBLE WRAY, In his official capacity
as Chief of Police of the City of Madison
Wisconsin,

      Defendants.

## ANSWER

Defendants City of Madison, Wisconsin and Noble Wray, individually and in his official capacity as Chief of Police of the City of Madison, Wisconsin, by their attorneys, Boardman, Suhr, Curry & Field LLP, answer plaintiffs' Complaint as follows:

1.    Answering paragraph 1, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

2.    Answering paragraph 2, defendants admit Mr. Chapiewsky is an individual, but lack knowledge and information sufficient to form a belief as to the remaining allegations of the paragraph and accordingly deny them.

3.    Answering paragraph 3, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

4. Answering paragraph 4, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

5. Answering paragraph 5, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

6. Answering paragraph 6, defendants admit the first sentence, deny the last sentence, and lack knowledge and information sufficient to form a belief as to the truth of the third sentence because of that sentence's vague and unexplained reference to "laws, customs, practices and policies at issue in this lawsuit." Accordingly, defendants deny that allegation. As to the second sentence of the paragraph, it sets forth only a legal conclusion to which no response is required.

7. Answering paragraph 7, defendants admit the first sentence, deny the last sentence, and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and accordingly deny them.

8. Answering paragraph 8, defendants deny the Court has subject matter jurisdiction, including because the named plaintiffs lack standing, and further deny plaintiffs have pled any state law claims.

9. Answering paragraph 9, defendants admit.

10. Answering paragraph 10, defendants admit.

11. Answering paragraph 11, defendants admit, except to note that plaintiffs skipped a word in the last quoted phrase.

12. Answering paragraph 12, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

13. Answering paragraph 13, defendants admit.

14. Answering paragraph 14, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

15. Answering paragraph 15, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

16. Answering paragraph 16, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

17. Answering paragraph 17, defendants admit that five adult males were each openly carrying a semi-automatic handgun at a Culver's Restaurant in Madison, Wisconsin on September 18, 2010, but lack knowledge and information sufficient to form a belief as to all remaining allegations of the paragraph and accordingly deny them. Further answering, defendants affirmatively allege that none of the named plaintiffs in this lawsuit was at the Culver's Restaurant on the date in question and none was part of the group of five men openly carrying semi-automatic handguns there on that date.

18. Answering paragraph 18, defendants admit that a woman placed a 911 call to report her concern about the men with handguns at the Culver's Restaurant and admit that City of Madison police officers responded to the 911 call, but deny eight officers responded and lack knowledge and information sufficient to form a belief as to all remaining allegations of the paragraph and accordingly deny them. Further answering, defendants affirmatively allege that none of the named plaintiffs in this lawsuit was at the Culver's Restaurant on the date in question and none was part of the group of five men openly carrying semi-automatic handguns there on September 18, 2010.

19. Answering paragraph 19, defendants admit that police officers responding to the 911 call asked the individuals openly carrying semi-automatic handguns at a family restaurant to

produce identification so that their lawful ownership of the guns could be checked, but otherwise deny.  Further answering, defendants affirmatively allege that none of the named plaintiffs in this lawsuit was at the Culver's Restaurant on the date in question and none was part of the group of five men openly carrying semi-automatic handguns there on that date.

20. Answering paragraph 20, defendants admit that two of the five adult males openly carrying semi-automatic handguns at the Culver's Restaurant declined to provide identification to the investigating officers and were cited for obstruction, citations which were later rescinded.  Further answering, defendants admit that citations for disorderly conduct were issued to all five of the individuals who were openly carrying semi-automatic handguns at a family restaurant on September 18, 2010 and whose conduct caused or tended to provoke a disturbance.  Defendants deny all remaining allegations of the paragraph and affirmatively assert that none of the named plaintiffs in this lawsuit was at the Culver's Restaurant on the date in question and none was part of the group of five men openly carrying semi-automatic handguns there on that date.

21. Answering paragraph 21, admit that the City of Madison issued a press release on September 22, 2010 and affirmatively allege that the press release speaks for itself.  Further answering, defendants deny the validity of plaintiffs' selective recitation of the contents of the press release.

22. Answering paragraph 22, defendants allege that the press release speaks for itself and deny the validity of plaintiffs' selective recitation of its contents.

23. Answering paragraph 23, defendants allege that the press release speaks for itself and deny the validity of plaintiffs' selective recitation of its contents.

24. Answering paragraph 24, defendants allege that the press release speaks for itself and deny the validity of plaintiffs' selective recitation of its contents.

25. Answering paragraph 25, defendants admit that the press release followed by a few days the incident that occurred at the Culver's Restaurant on September 18, 2010, but deny all remaining allegations of the paragraph.

26. Answering paragraph 26, defendants deny and affirmatively allege that plaintiffs lack standing to pursue their alleged constitutional claims.

27. Answering paragraph 27, defendants reallege paragraphs 1 through 26 above.

28. Answering paragraph 28, defendants deny.

29. Answering paragraph 29, defendants deny.

30. Answering paragraph 30, defendants deny.

31. Answering paragraph 31, defendants reallege paragraphs 1 through 30 above.

32. Answering paragraph 32, defendants deny.

33. Answering paragraph 33, defendants deny.

34. Answering paragraph 34, defendants deny.

35. Answering paragraph 35, defendants deny.

36. Answering paragraph 36, defendants deny.

37. Answering paragraph 37, defendants deny.

38. Answering paragraph 38, defendants reallege paragraphs 1 through 37 above.

39. Answering paragraph 39, defendants deny.

40. Answering paragraph 40, defendants deny.

41. Answering paragraph 41, defendants deny.

42. Answering paragraph 42, defendants deny.

43. Answering paragraph 43, defendants deny.

44. Answering paragraph 44, defendants deny.

45. Answering paragraph 45, defendants deny.

46. Answering paragraph 46, defendants admit that plaintiffs have demanded a trial by jury on all issues so triable. Defendants also make a jury demand.

## AFFIRMATIVE DEFENSES

47. As a first separate and affirmative defense, defendants allege that each plaintiff has failed to state a claim upon which relief may be granted.

48. As a second separate and affirmative defense, defendants allege that each plaintiff lacks standing to pursue the claims pled in this lawsuit.

49. As a third separate and affirmative defense, defendants allege that, to the extent any claim is made against Noble Wray in his individual capacity, he is entitled to qualified immunity.

50. As a fourth separate and affirmative defense, defendants allege that City of Madison police officers responding to and investigating the 911 call of armed individuals at the Culver's Restaurant acted in good faith, without malice, and pursuant to their duties as law enforcement officers and, therefore, are immune from liability for their actions.

51. As a fifth separate and affirmative defense, defendants allege that plaintiffs have not identified any legally recoverable damages.

52. As a sixth separate and affirmative defense, defendants allege that plaintiffs' request for declaratory relief does not identify a justiciable controversy and fails to meet the prerequisites of 28 U.S.C. §§ 2201-2202.

53. As a seventh separate and affirmative defense, defendants allege that, to the extent any plaintiff attempts to pursue a state law claim, such claim is subject to the prerequisites, limitations and immunities contained in Wis. Stat. § 893.80.

54. As an eighth separate and affirmative defense, defendants allege that plaintiffs' complaint fails to allege a case or controversy, within the meaning of Article III of the United States Constitution, between any plaintiff and the defendants.

55. As a ninth separate and affirmative defense, defendants allege that plaintiffs' complaint fails to allege any ongoing constitutional or statutory violation by defendants to which this Court's injunctive powers should or could be applied.

WHEREFORE, defendants City of Madison, Wisconsin and Noble Wray request judgment dismissing plaintiffs' complaint in its entirety and with prejudice and granting these defendants their costs and disbursements as provided by law, together with such other relief as the Court deems equitable.

DATED:  October 25, 2010.

BOARDMAN, SUHR, CURRY & FIELD LLP
By

*/s/ Catherine M. Rottier*
Claude J. Covelli, #1014833
Catherine M. Rottier, #1016342
Richard L. Bolton, #1012552
Attorneys for Defendants City of Madison, Wisconsin and Noble Wray, in his Official Capacity as Police Chief of the City of Madison

U.S. Bank Building, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin  53701-0927
Telephone:  (608) 257-9521
ccovelli@boardmanlawfirm.com
crottier@boardmanlawfirm.com
rbolton@boardmanlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jtroupis@troupislawoffice.com

john.monroe1@earthlink.net

/s/ *Catherine M. Rottier*
Catherine M. Rottier, #1016342
Attorneys for Defendants City of Madison, Wisconsin and Noble Wray, in his Official Capacity as Police Chief of the City of Madison

U.S. Bank Building, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin  53701-0927
Telephone:  (608) 257-9521
crottier@boardmanlawfirm.com