UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

WISCONSIN CARRY, INC.,
BENJAMIN MOYES,
LARRY HERZOG, and
WILLIAM J. VEERHUSEN,

       Plaintiffs,

  v.

CITY OF MADISON, WISCONSIN, and
NOBLE WRAY, in his official
capacity as Chief Of Police of
the City of Madison, Wisconsin,

       Defendants.

Case No.: 10-CV-548

## SECOND AMENDED COMPLAINT

### THE PARTIES

1. Plaintiff WISCONSIN CARRY, INC. ("WCI") is a nonprofit corporation organized under the laws of the State of Wisconsin. The purposes of WCI include promoting the free exercise of the right to keep and bear arms for its members, and securing those rights through education, and litigation. WCI brings this action on behalf of itself and its members.

2. Plaintiff BENJAMIN MOYES is an individual, and a member of WCI, residing in Verona, Wisconsin.

3. Plaintiff LARRY HERZOG is an individual, and a member of WCI, residing in Columbus, Wisconsin.

4. Plaintiff WILLIAM J. VEERHUSEN is an individual, and a member of WCI, residing in Sun Prairie, Wisconsin.

5. Defendant CITY OF MADISON is a municipal corporation organized under the Constitution and laws of the State of Wisconsin. Defendant City of Madison is a "person" within the meaning of 42 U.S.C. § 1983. The City of Madison, through its police department, is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit. It has enforced the challenged laws, customs and practices against Plaintiff WCI's membership, including Plaintiffs BENJAMIN MOYES, and LARRY HERZOG, and others, and is presently enforcing the challenged laws, customs and practices against the Plaintiffs' interests.

6. Defendant NOBLE WRAY is the Chief of Police of the City of Madison, Wisconsin, a political subdivision of the State of Wisconsin. Defendant WRAY is responsible for executing and administering the City of Madison's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against Plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against Plaintiffs. Defendant WRAY is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331, 1343, 2201, 2202, and 42 U.S.C. §1983.

8. Venue is proper pursuant to 28 U.S.C. §1391 because the Defendants are located in this District.

## STATEMENT OF FACTS

9. The Second Amendment to the United States Constitution provides: "a well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

10. The Fourteenth Amendment to the United States Constitution provides, in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws."

11. The Second Amendment is incorporated as against the States and their political subdivisions pursuant to the Due Process Clause of the Fourteenth Amendment.

12. The Second Amendment to the United States Constitution and Article I, §25 of the Wisconsin Constitution guarantee individuals a fundamental right to carry functional handguns in non-sensitive public places.

13. The City of Madison retains the ability to regulate the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of arms that are not within the scope of the protection of the Second Amendment to the United States Constitution, and disqualify specific, particularly dangerous individuals from carrying handguns.

14. The City of Madison may not deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or enforce its laws, customs and practices through its police department or impose regulations on the right to carry handguns that are inconsistent with the rights guaranteed by the Second Amendment to the United States Constitution.

15. On September 22, 2010, the City of Madison issued a press release, which stated, *inter alia,* that Defendant Wray had advised all officers in the Madison Police Department that if

they are responding to an "individual armed with a firearm" call that they should use a "tactical response" and that such individuals should be "contacted, controlled, and frisked for weapons."

16.     The press release further stated that Defendant had advised all officers that they should "separate the suspect from any weapons in his/her possession during the encounter."

17.     The press release further stated that Defendant had advised all officers that they should "verify that the firearm is not stolen, and attempt to verify that the person possessing the firearm is not legally barred from doing so."

18.     The press release further stated that Defendant desires for "concerned citizens" to "call 911 when they see armed subjects."

19.     The customs, policies, and practices described in the press release were developed by Defendant Wray in his capacity as Chief of Police.

20.     The effect of the directives to police officers set out in the press release is to require officers to detain anyone seen carrying a firearm, even without reasonable articulable suspicion that the person has committed, is committing, or is about to commit a crime.

21.     An additional effect of the directives to police officers set out in the press release is to require officers to treat as "suspects" anyone seen carrying a firearm, even without reasonable articulable suspicion that the person has committed, is committing, or is about to commit a crime.

22.     The establishment of the customs, policies and practices set out in the press release issued by the City of Madison Police Department have and will cause present and future injury to WCI and its members, by creating a chilling effect, and/or preventing their free exercise of their constitutional right to keep and bear arms, protected by the Second Amendment to the United States Constitution.

23. Plaintiff Moyes moved to the Madison area in April 2008. Shortly after his arrival in the area, a Madison police officer told Moyes that Moyes openly carried a firearm in the City of Madison and anyone called the police to report it, Moyes would be cited for disorderly conduct.

24. Plaintiff Moyes is a frequent visitor to Madison and would have carried a firearm in Madison in the places where it is legal to do so, but has refrained from doing so on account of Moyes' being warned by a Madison police officer that he would be subject to citation and prosecution for doing so, as well as on account of Defendants' customs, policies and practices described in the press release.

25. Plaintiff Moyes would carry a firearm even if he is unable to obtain a pre-enforcement ruling regarding potential arrest or prosecution, as he does not seek such relief in this Second Amended Complaint.

26. Plaintiff Herzog is a frequent visitor to Madison and would carry a firearm in Madison in the places where it is legal to do so, but he is in fear of detention and search for doing so on account of Defendants' customs, policies and practices described in the press release.

27. Plaintiff Herzog will carry a firearm on future visits to Madison, even if he is unable to obtain a pre-enforcement ruling regarding potential arrest or prosecution, as he does not seek such relief in this Second Amended Complaint.

28. Plaintiff Veerhusen is a frequent visitor to Madison and would carry a firearm in Madison in the places where it is legal to do so, but he is in fear of detention and search for doing so on account of Defendants' customs, policies and practices described in the press release.

29. Prior to publication of Defendants' press release, Plaintiff Veerhusen carried a firearm in the City of Madison wherever it was legal to do so. As a result of the publication of

Defendants' press release, Plaintiff Veerhusen stopped carrying a firearm in the City of Madison out of fear of detention and search as articulated in Defendants' press release.

30. If Plaintiff Veerhusen were to prevail in this action by preventing Defendants from detaining and searching him solely on account of his carrying a firearm in the City of Madison, Plaintiff Veerhusen would resume carrying a firearm in the City of Madison wherever it is legal to do so.

31. Plaintiff Veerhusen would carry a firearm even if he is unable to obtain a pre-enforcement ruling regarding potential arrest or prosecution, as he does not seek such relief in this Second Amended Complaint.

## FIRST CAUSE OF ACTION
## U.S. CONSTITUTION, AMENDMENTS II & XIV, 42 U.S.C. §1983
## AGAINST ALL DEFENDANTS

32. As alleged herein, the Defendant City of Madison and its police chief, Defendant Noble Wray, violated the Constitutional rights of WCI and its members, by establishing a new custom, practice and policy of the Madison Police Department, as set out in the press release issued by the police department on September 22, 2010, that is designed and intended to chill and prevent WCI's members free exercise of their Constitutional right to keep and bear arms.

33. Defendants' laws, customs, practices policies violate the Second and Fourteenth Amendments to the United States Constitution, facially and as applied against WCI and its members in this action, damaging Plaintiffs in violation of 42 U.S.C. §1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, practices and policies.

## SECOND CAUSE OF ACTION
## U.S. CONSTITUTION, AMENDMENT V, 42 U.S.C. §1983
## AGAINST ALL DEFENDANTS

34.     Plaintiffs incorporate the allegations of Paragraphs 1 through 29, inclusive, as though fully set forth herein.

35.     By encouraging people to call a police emergency line to report that they have seen someone with a firearm, as alleged in Paragraph 19 above, Defendants have established a policy of harassing anyone seen carrying a firearm, and thus of infringing on the right to keep and bear arms. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

36.     By establishing a policy of detaining and searching anyone seen carrying a firearm, regardless of whether reasonable suspicion or probable cause exist, Defendants have established a policy of subjecting people to unreasonable searches and seizures. The purpose and intent of such policy is to prevent and chill Plaintiff's members and others in their exercise of the right to keep and bear arms.

37.     By establishing a policy of considering everyone seen carrying a firearm as a "suspect," Defendants have established a policy that is hostile and inimical to such person's right to keep and bear arms. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

38.     By establishing a policy of seizing the firearm of anyone seen by the police officer carrying one, in order to check to see if that firearm is stolen, Defendants have established a policy with the intended and actual purpose and effect of subjecting all persons seen carrying a firearm to an unreasonable search and seizure, in the form of obtaining and reporting serial numbers of firearms. The purpose and intent of such policy is to prevent and chill Plaintiff

WCI's members, including Plaintiffs BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

39. By establishing a policy of running a background check of every person seen carrying a firearm, Defendants have established a policy of subjecting all persons seen carrying a firearm to unreasonable searches and seizures. The purpose and intent of such policy is to prevent and chill Plaintiff WCI's members, including Plaintiffs BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others in their exercise of the right to keep and bear arms.

40. As alleged hereinabove, each of the Defendants' customs, policies and practices have the intended purpose and actual effect of treating members of WCI and other persons who are openly carrying a handgun differently than other persons with respect to the administration and enforcement of the criminal laws of the State of Wisconsin, based solely on the fact that such persons are openly carrying a handgun. This conduct subjects WCI members and other persons to invidious discrimination, and constitutes a violation of their right to Equal Protection secured by the Due Process Clause of the Fifth Amendment to the United States Constitution, facially and as applied against Plaintiff WCI's members, including Plaintiffs BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, damaging Plaintiffs in violation of 42 U.S.C. §1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies and practices.

### THIRD CAUSE OF ACTION
### U.S. CONSTITUTION, AMENDMENT II, V, & XIV, 42 U.S.C. §1983
### AGAINST ALL DEFENDANTS

41. Plaintiffs incorporate the allegations of Paragraphs 1 through 36, inclusive, as though fully set forth herein.

42. By maintaining and enforcing the laws, customs, practices, and policies set out above, Defendants are violating Plaintiff WCI and its members' rights under the Second Amendment and Fourteenth Amendment to the United States Constitution. Plaintiff is therefore entitled to declaratory and permanent injunctive relief against enforcement of these laws, customs, practices and policies.

43. By maintaining and enforcing the laws, customs, practices, and policies set out above, Defendants are violating Plaintiffs' rights to Equal protection of the law under the Fifth Amendment to the United States Constitution. Plaintiff WCI and its members, including Plaintiffs BENJAMIN MOYES, LARRY HERZOG, and WILLIAM J. VEERHUSEN, and others, are deprived of equal protection by virtue of the fact that the Defendants are enforcing criminal laws against the Plaintiff's members based solely on the exercise of their constitutional right to keep and bear arms, and specifically, on their choice to openly carry a firearm as allowed by law. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of these laws, customs, practices and policies.

44. The implementation and enforcement of the customs, practices and policies of the City of Madison Police Department as set out in its Press Release issued on September 22, 2010, constitutes an imminent and ongoing threat by the City of Madison, acting by and through its police department, to deprive the Plaintiffs and other members of WCI of its constitutionally protected right to keep and bear arms.

45. Plaintiffs and other members of WCI will suffer immediate and irreparable injury if the City of Madison, acting by and through its police department, is allowed to enforce the customs, practices and policies set out in the Press Release issued on September 22, 2010, during the pendency of this lawsuit.

46. Plaintiffs and other members of WCI have no adequate remedy at law with respect to the present and threatened injuries and damages they have and will suffer as a result of the enforcement of the customs, practices and policies of the City of Madison Police Department, as alleged herein. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief restraining the City of Madison and its Police Department from the infringement of Plaintiffs' Second Amendment right to keep and bear arms, and the right secured by Article I, §25 of the Wisconsin Constitution to openly carry firearms.

47. In particular, Plaintiffs are entitled to preliminary and permanent injunctive relief mandating the City of Madison and its Police Department to rescind and retract the orders and recommendations contained in its press release issued on September 22, 2010, and requiring these Defendants to take immediate corrective action to instruct its police officers and the general public that these orders and recommendations violate the Constitutional rights of these Plaintiffs and others, and are therefore not to be followed.

48. Pursuant to 42 U.S.C. §1983, et.seq., Plaintiffs are entitled to declaratory judgment declaring their rights, and to recover their reasonable attorneys fees and costs in this matter.

## DEMAND FOR JURY

49. Pursuant to Fed. R. Civ. Proc. 38, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. For an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persona acting in active concert or participation with them who receive actual notice of the injunction, from detaining or searching or both, a person seen carrying a firearm, solely on account of the presence of the firearm, without reasonable articulable suspicion or probable cause to do so;

2. For declaratory relief consistent with this injunction;

3. For attorneys' fees and costs of suit pursuant to 42 U.S.C. §1988;

4. For trial by jury of all issues so triable;

5. For any other further relief as the Court deems just and proper.

Respectfully submitted this 10th day of May, 2011

| TROUPIS LAW OFFICE LLC | LAW OFFICES OF JOHN R. MONROE |
|---|---|
| By: /s/ James R. Troupis            . | By: /s/ John R. Monroe                  . |
| James R. Troupis (SBN #1005341) | John R. Monroe |
| Sarah E. Troupis (SBN #1061515) | Attorney at Law |
| Troupis Law Office LLC | 9640 Coleman Road |
| 7609 Elmwood Avenue, Suite 102 | Roswell, Georgia 30075 |
| Middleton, Wisconsin 53562 | Phone: (678) 362-7650 |
| Phone: (608) 807-4096 | Fax: (770) 552-9318 |
| Email: jrtroupis@troupislawoffice.com | Email: john.monroe1@earlthlink.net |
| *Attorneys for all Plaintiffs* | *Attorneys for all Plaintiffs* |