IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN CARRY, INC.,
BRAD CHAPIEWSKY,
BENJAMIN MOYES,
LARRY HERZOG and
WILLIAM J. VEERHUSEN,

       Plaintiffs,                            Civil Action No. 10-CV-548

     v.

CITY OF MADISON, WISCONSIN
and NOBLE WRAY, In his official capacity
as Chief of Police of the City of Madison
Wisconsin,

       Defendants.

---

### ANSWER TO SECOND AMENDED COMPLAINT

---

Defendants City of Madison, Wisconsin and Noble Wray, individually and in his official capacity as Chief of Police of the City of Madison, Wisconsin, by their attorneys, Boardman, Suhr, Curry & Field LLP, answer plaintiffs' Second Amended Complaint as follows:

    1.      Answering paragraph 1, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

    2.      Answering paragraph 2, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

    3.      Answering paragraph 3, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

4. Answering paragraph 4, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

5. Answering paragraph 5, defendants admit the first sentence, deny the last sentence, and lack knowledge and information sufficient to form a belief as to the truth of the third sentence because of that sentence's vague and unexplained reference to "laws, customs, practices and policies at issue in this lawsuit." Accordingly, defendants deny that allegation. As to the second sentence of the paragraph, it sets forth only a legal conclusion to which no response is required.

6. Answering paragraph 6, defendants admit the first sentence, deny the second sentence, and admit the third sentence.

7. Answering paragraph 7, defendants deny the Court has subject matter jurisdiction, including because the named plaintiffs lack standing, and further deny that this matter is ripe for adjudication.

8. Answering paragraph 8, defendants admit.

9. Answering paragraph 9, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

10. Answering paragraph 10, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

11. Answering paragraph 11, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

12. Answering paragraph 12, defendants note that the paragraph sets forth only legal conclusions as to which no response is required.

13. Answering paragraph 13, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

14. Answering paragraph 14, defendants note that the paragraph sets forth only legal conclusions to which no response is required.

15. Answering paragraph 15, admit that the City of Madison issued a press release on September 22, 2010 and affirmatively allege that the press release speaks for itself. Further answering, defendants deny the validity of plaintiffs' selective recitation of the contents of the press release.

16. Answering paragraph 16, defendants allege that the press release speaks for itself and deny the validity of plaintiffs' selective recitation of its contents.

17. Answering paragraph 17, defendants allege that the press release speaks for itself and deny the validity of plaintiffs' selective recitation of its contents.

18. Answering paragraph 18, defendants allege that the press release speaks for itself and deny the validity of plaintiffs' selective recitation of its contents.

19. Answering paragraph 19, defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation because of the vague and unexplained reference to "customs, policies, and practices . . . developed by Defendant Wray." Accordingly, defendants deny the allegation.

20. Answering paragraph 20, defendants deny.

21. Answering paragraph 21, defendants deny.

22. Answering paragraph 22, defendants deny.

23. Answering paragraph 23, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

24. Answering paragraph 24, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

25. Answering paragraph 25, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

26. Answering paragraph 26, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

27. Answering paragraph 27, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

28. Answering paragraph 28, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

29. Answering paragraph 29, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

30. Answering paragraph 30, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

31. Answering paragraph 31, defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

32. Answering paragraph 32, defendants deny.

33. Answering paragraph 33, defendants deny.

34. Answering paragraph 34, defendants reallege answers to paragraphs 1 through 29 above.

35. Answering paragraph 35, defendants deny.

36. Answering paragraph 36, defendants deny.

37. Answering paragraph 37, defendants deny.

38. Answering paragraph 38, defendants deny.

39. Answering paragraph 39, defendants deny.

40. Answering paragraph 40, defendants deny.

41. Answering paragraph 41, defendants reallege answers to paragraphs 1 through 36 above.

42. Answering paragraph 42, defendants deny.

43. Answering paragraph 43, defendants deny.

44. Answering paragraph 44, defendants deny.

45. Answering paragraph 45, defendants deny.

46. Answering paragraph 46, defendants deny.

47. Answering paragraph 47, defendants deny.

48. Answering paragraph 48, defendants deny.

## AFFIRMATIVE DEFENSES

49. As a first separate and affirmative defense, defendants allege that each plaintiff has failed to state a claim upon which relief may be granted.

50. As a second separate and affirmative defense, defendants allege that each plaintiff lacks standing to pursue the claims pled in this lawsuit.

51. As a third separate and affirmative defense, defendants allege that each plaintiff's allegations are not ripe for adjudication.

52. As a fourth separate and affirmative defense, defendants allege that, to the extent any claim is made against Noble Wray in his individual capacity, he is entitled to qualified immunity, and further, allege that no claim may be made against Noble Wray in his individual capacity for injunctive or declaratory relief.

53. As a fifth separate and affirmative defense, defendants allege that plaintiffs' request for declaratory relief does not identify a justiciable controversy and fails to meet the prerequisites of 28 U.S.C. §§ 2201-2202.

54. As a sixth separate and affirmative defense, defendants allege that plaintiffs' complaint fails to allege a case or controversy, within the meaning of Article III of the United States Constitution, between any plaintiff and the defendants.

55. As a seventh separate and affirmative defense, defendants allege that plaintiffs' complaint fails to allege any ongoing constitutional or statutory violation by defendants to which this Court's injunctive powers should or could be applied.

56. As an eighth separate and affirmative defense, defendants allege that plaintiffs' complaint alleges claims that are moot.

57. As a ninth separate and affirmative defense, defendants allege that the plaintiffs' complaint misstates and incorrectly alleges the terms and application of alleged customs, policies and practices.

58. As a tenth separate and affirmative defense, defendants allege that they have not enforced any custom, policy or practice as to any plaintiff, with whom Madison police officers have not had any contact.

WHEREFORE, defendants City of Madison, Wisconsin and Noble Wray request judgment dismissing plaintiffs' Second Amended Complaint in its entirety and with prejudice

and granting these defendants their costs and disbursements as provided by law, together with such other relief as the Court deems equitable.

    DATED: May 24, 2011.

                                      BOARDMAN, SUHR, CURRY & FIELD LLP
                                      By

                                      */s/ Richard L. Bolton*
                                      Claude J. Covelli, #1014833
                                      Catherine M. Rottier, #1016342
                                      Richard L. Bolton, #1012552
                                      Attorneys for Defendants City of Madison,
                                      Wisconsin and Noble Wray, in his Official
                                      Capacity as Police Chief of the City of Madison

                                      U.S. Bank Building, Suite 410
                                      1 South Pinckney Street
                                      P.O. Box 927
                                      Madison, Wisconsin 53701-0927
                                      Telephone: (608) 257-9521
                                      ccovelli@boardmanlawfirm.com
                                      crottier@boardmanlawfirm.com
                                      rbolton@boardmanlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jtroupis@troupislawoffice.com

john.monroe1@earthlink.net

/s/ *Richard L. Bolton*
Richard L. Bolton, #1012552
Attorneys for Defendants City of Madison, Wisconsin and Noble Wray, in his Official Capacity as Police Chief of the City of Madison

U.S. Bank Building, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin  53701-0927
Telephone:  (608) 257-9521
rbolton@boardmanlawfirm.com

F:\DOCS\WD\25981\229\A1202229.DOCX