IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN CARRY, INC.,
BRAD CHAPIEWSKY,
BENJAMIN MOYES,
LARRY HERZOG and
WILLIAM J. VEERHUSEN,

       Plaintiffs,                                      Civil Action No. 10-CV-548

      v.

CITY OF MADISON, WISCONSIN
and NOBLE WRAY, In his official capacity
as Chief of Police of the City of Madison
Wisconsin,

       Defendants.

---

## DEFENDANTS' BRIEF OPPOSING JUSTICIABILITY

### INTRODUCTION

      The issues raised by plaintiffs' Second Amended Complaint are not ripe for adjudication. The plaintiffs have eliminated several claims but still request the Court to review and determine the propriety of police encounters with openly-armed individuals without any factual context. Given the significant safety concerns for public and police, the issues raised in the plaintiffs' Second Amended Complaint should not be decided in a vacuum. The de minimus "hardship" to the plaintiffs does not justify pre-enforcement facial adjudication.

      The Second Amended Complaint requests a declaratory ruling as to the defendants' policy of allegedly initiating contact with all openly-armed individuals. The plaintiffs claim that their right to bear arms is chilled by such encounters, including because of plaintiffs' alleged separation from their weapons during police encounters. The plaintiffs' Second Amended

Complaint does not include claims based upon alleged fear of arrest and prosecution. The Second Amended Complaint also does not include any claims arising under Wisconsin state law.

The plaintiffs concede in their Brief on Justiciability that they have not had any encounters with Madison Police while openly-armed. This is strictly a "pre-enforcement" action, presumably intended to prevent police from having encounters with the plaintiffs while they are openly-armed in Madison. Only the prospects of police encounters are alleged as potential injuries to justify the Court in rendering a declaratory ruling in this case.

The defendants deny that their alleged "customs, policies and practices" are correctly described and understood by the plaintiffs, including the alleged requirement that police separate individuals from their weapons as a matter of course during questioning. This the defendants deny to be their policy. Apart from this disagreement, however, the plaintiffs' Second Amended Complaint is not ripe for immediate adjudication because the plaintiffs' claims are based upon speculative encounters that may or may not occur, and that may not occur as the plaintiffs describe. By contrast, the hardship to the plaintiffs is de minimus. The plaintiffs do not complain about a regulatory policy to which they must conform or comply. They simply object to potential encounters with Madison police officers, who are not alleged in the Second Amended Complaint to be arresting and prosecuting without probable cause. Given the myriad factors that may or may not exist at the time of potential encounters, the plaintiffs' alleged concerns should prudently be addressed in concrete factual settings.

I. **THE PLAINTIFFS' ALLEGED INJURIES ARE SPECULATIVE, SUBJECTIVE, AND DE MINIMUMS.**

The plaintiffs claim as injuries the possibility that they will have unwanted encounters with Madison police officers and that they may be temporarily separated from their weapons during such encounters. The plaintiffs do not claim, however, that they have an absolute right to be free of police encounters, including encounters without probable cause or reasonable

2

suspicion. The plaintiffs, instead, complain only of potential encounters pursuant to the defendants' alleged policy of questioning all openly-armed individuals.

The plaintiffs correctly do not claim the right to be free from all police encounters as a *per se* right. Police encounters without "seizure" are not prohibited by the Fourth Amendment. See Brendlan v. California, 551 U.S. 249, 254 (2007). Nor are police officers precluded from exercising their discretion to separate an individual from a weapon during encounters, even without reasonable suspicion, as an appropriate precautionary measure. Maryland v. Wilson, 519 U.S. 408, 414-415 (1997). The plaintiffs' objection to potential encounters with police officers, therefore, cannot be based upon an objection to all such encounters -- only encounters pursuant to the defendants' alleged policy are at issue.

Whether any of the plaintiffs will ever have any actual encounter with Madison police officers is speculative. Whether such an encounter will be prompted by an officer's routine exercise of discretion, or the defendants' alleged policy, is even more speculative. Potential encounters, in any event, are qualitatively indistinguishable, thereby rendering the plaintiffs' alleged "chill" of their right to bear arms purely subjective. "Allegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird v. Tatum, 408 U.S. 1, 13-14 (1972).

Because of the diverse circumstances in which potential police encounters with armed-individuals may occur, moreover, the Court cannot provide redress for the plaintiffs' alleged "fear" of encounters. The Court is not in a position, nor do the plaintiffs ask the Court, to declare that they may never be subject to police encounters while openly-armed.

By contrast, the plaintiffs' alleged injuries, if any, will be minimal in the absence of a "pre-enforcement" declaratory ruling by the Court. The plaintiffs rely on cases in their Brief on Justiciability that deal with situations involving arrest or prosecution, or cases involving

regulatory matters in which a substantial investment of resources was required. The plaintiffs' Second Amended Complaint, however, does not involve alleged arrest and prosecution, nor does the defendants' alleged policy require any investment of resources by the plaintiff. Deferring adjudication until the plaintiffs' complaint arises in a concrete factual setting, therefore, is warranted both because of the uncertain factual context that may exist, as well as the minimal hardship to the plaintiffs.

## II. PLAINTIFFS' ALLEGED FEAR OF ENCOUNTERS WITH POLICE OFFICERS WILL NOT BE REDRESSED BY A FAVORABLE DECLARATORY RULING.

The plaintiffs allege that their right to bear arms will be chilled by the fear of encounters with police officers. This "chilling" effect will not be redressed by a declaratory ruling, however, because police encounters, with or without probable cause or reasonable suspicion, will still remain a possibility. The plaintiffs' Second Amended Complaint is not justiciable, therefore, because the injuries that they claim will not be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Police encounters with armed individuals, with or without probable cause or reasonable suspicion, are not prohibited by the Fourth Amendment. Such encounters, as a result, cannot be precluded by the Court as a matter of law. The "fear" that plaintiffs will have an encounter with police while openly-armed, therefore, will not be addressed by a declaratory ruling from the Court. Even if the Court concluded that a policy of *per se* encounters with armed individuals was inappropriate, the plaintiffs would still not be free of their "fear" of encounters, which would still be allowable in the discretion of police officers considering the circumstances.

The plaintiffs' concern that citizens may call police, moreover, similarly will not be redressed by a favorable decision. The plaintiffs obviously do not, and they could not, ask the Court to enjoin citizens from contacting police when they see an armed individual. Such calls will continue to be made to police. The concern that citizens may contact police without any

prompting, therefore, will not be addressed by this Court. Because contacts by the public may still occur, regardless of the defendants' alleged policy, the chilling effect of such calls is purely subjective and cannot be redressed by a declaratory ruling.

### III. POLICE ENCOUNTERS WITH ARMED INDIVIDUALS MAY OR MAY NOT BE JUSTIFIED UNDER THE DEFENDANTS' ALLEGED POLICY, MAKING THE PLAINTIFFS' FACIAL CHALLENGE INAPPROPRIATE.

Facial challenges involving prospective relief are not appropriate unless no set of circumstances exist in which a government policy would be valid. United States v. Salerno, 481 U.S. 739, 745 (1987); United States v. Stevens, 130 S. Ct. 1577, 1587 (2010). The Supreme Court, moreover, is especially reluctant to invalidate policies on their face under the Fourth Amendment because this is an area presenting "pre-eminently the sort of question which can only be decided in the concrete factual context of an individual case." Sibron v. New York, 392 U.S. 40, 59 (1968).

Here, the plaintiffs seek a declaration that police officers may not initiate encounters with armed individuals without reasonable suspicion or probable cause to do so. The Court cannot issue such a declaration, however, that would be applicable in all circumstances, because police officers properly may have encounters with armed-individuals, even absent reasonable suspicion or probable cause. The Court also can not declare in all circumstances that the police shall never question an individual about his weapon, or even separate the individual from his weapon during questioning, as a matter of public safety, in the discretion of the officers on the scene. The defendants' policy, in short, cannot be declared facially invalid by the Court because there are circumstances in which it undeniably may be properly enforced. Particularly in cases involving weapons and the Fourth Amendment, pre-enforcement facial challenges, such as in this case, are inappropriate for adjudication.

## IV.   THE COURT SHOULD ABSTAIN FROM DECLARING THE CONSTITUTIONALITY OF AN ABSTRACT POLICY.

Because of the diverse circumstances in which police encounters with armed-individuals may occur, and the necessity for police discretion in such encounters, the Court should exercise its discretion to abstain from hearing this action that pursues only declaratory relief. Under the Declaratory Judgment Act, even in a case of actual controversy within its jurisdiction, the Court has wide discretion in deciding whether to immediately declare the rights of litigants. Wilton v. Seven Falls Company, 515 U.S. 277, 286 (1995).

Here, the Court should exercise its discretion to decline to issue a declaratory ruling that police officers should not initiate encounters with armed-individuals except in circumstances of reasonable suspicion or probable cause. The Court cannot prudently issue such a declaration in the abstract because the circumstances of each individual encounter are critical to determining its propriety. The plaintiffs, moreover, do not incur any significant hardship in awaiting a case that can be judged without speculation, in a concrete factual setting.

Serious issues of public and police safety are implicated by the plaintiffs' request for an abstract ruling on police encounters with people bearing guns. By contrast, a declaratory ruling from the Court is not well calculated to redress the plaintiffs' claimed fears, even if they obtain a favorable decision. A decision by the Court at this time simply will not insulate the plaintiffs from all future encounters with the police while they go about armed.

The plaintiffs complain that they may be questioned by police while armed, even without reasonable suspicion or probable cause. The Court, however, cannot order the police to never encounter armed individuals unless they have probable cause or reasonable suspicion, and so the plaintiffs' fear of encounters cannot be redressed. Similarly, the plaintiffs' complaint that they may be temporarily separated from their guns during questioning cannot be redressed by the Court. Circumstances may warrant that police take control of a situation, including concerns for

6

public safety, which may justify police actions, without probable cause or reasonable suspicion. Members of the public also may call the police, without prompting, much to the plaintiffs' chagrin.

In short, the Court cannot issue the sort of absolute order that the plaintiffs would need to redress their supposed fears. Considering the safety concerns implicated by adjudicating this case in the abstract, balanced against the inability to give the plaintiffs the relief that they seek, the Court should exercise its discretion to abstain in this matter.

## V. CONCLUSION.

For all the above reasons, the Court should dismiss the plaintiffs' Second Amended Complaint.

DATED: May 24, 2011.

        BOARDMAN, SUHR, CURRY & FIELD LLP
        By

        */s/ Richard L. Bolton*
        Claude J. Covelli, #1014833
        Catherine M. Rottier, #1016342
        Richard L. Bolton, #1012552
        Attorneys for Defendants City of Madison, Wisconsin and Noble Wray, in his Official Capacity as Police Chief of the City of Madison

        U.S. Bank Building, Suite 410
        1 South Pinckney Street
        P.O. Box 927
        Madison, Wisconsin  53701-0927
        Telephone:  (608) 257-9521
        ccovelli@boardmanlawfirm.com
        crottier@boardmanlawfirm.com
        rbolton@boardmanlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jtroupis@troupislawoffice.com

john.monroe1@earthlink.net

/s/ *Richard L. Bolton*
Richard L. Bolton, #1012552
Attorneys for Defendants City of Madison,
Wisconsin and Noble Wray, in his Official
Capacity as Police Chief of the City of Madison

U.S. Bank Building, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin  53701-0927
Telephone:  (608) 257-9521
rbolton@boardmanlawfirm.com

F:\DOCS\WD\25981\229\A1202229.DOCX