**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

WISCONSIN CARRY, INC.,
BENJAMIN MOYES,
LARRY HERZOG, and
WILLIAM J. VEERHUSEN,

        Plaintiffs,

                                      Case No.: 10-CV-548

        v.

CITY OF MADISON, WISCONSIN, and
NOBLE WRAY, in his official
capacity as Chief Of Police of
the City of Madison, Wisconsin,

        Defendants.

**PLAINTIFFS' REPLY BRIEF ON JUSTICIABILITY**

On May 10, 2011, Plaintiffs submitted their Second Amended Complaint and their Brief on Justiciability, outlining for the Court the various facts and pertinent law that support Plaintiffs' claims for relief, in accordance with the Court's Opinion and Order of April 4, 2011 ("Opinion and Order"). (Dkt. #24). Defendants responded, and Plaintiffs now submit this Reply Brief on Justiciability, addressing those concerns raised by Defendants that may require further explanation.

**I.  Plaintiffs Have Established Standing to Sue.**

As the Plaintiffs' Brief on Justiciability ("Plaintiff's Brief") explains, to establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely

1

speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also* Plaintiffs' Brief, pp. 2-4 (Dkt. #29). After establishing the specific requirements for each element of standing, the Plaintiffs' Brief described, through specific details of the Second Amended Complaint, the reasons that each element was met. (Plaintiffs' Brief, pp. 4-7).

**A.  Plaintiffs Have Suffered an Injury-in-Fact.**

Defendants' arguments as to whether Plaintiffs have suffered an injury-in-fact boil down to two suggestions as to why there may not have been such an injury: (1) any injury suffered by Plaintiffs is speculative, and (2) any injury suffered by Plaintiffs is *de minimis*. (Defendants' Brief Opposing Justiciability ("Defendants' Brief"), pp. 2-4 (Dkt. #31)).

In their Brief, the Plaintiffs, anticipating these arguments, addressed the reasons why the injury here is not speculative in some detail, and in doing so referenced the Court's initial concerns and described some of the specific facts now alleged. (Plaintiffs' Brief, pp. 6-7). The Defendants now suggest that "[w]hether such an encounter [with Madison police officers] will be prompted by an officer's routine exercise of discretion, or the defendant's alleged policy, is even more speculative." (Defendants' Brief, p. 3). However, this concern was already addressed by the Court in its Opinion and Order: "[D]efendants say it is speculative to suggest that plaintiffs will ever have those contacts. However, because the policy encourages citizens to call the police any time they see someone with a firearm and the policy seems to require officers to have the contacts whenever they receive notification, there is at least a 'reasonable probability' of a police interaction in the event any of the plaintiffs would choose to carry a firearm openly.

*MainStreet Organization of Realtors v. Calumet City, Illinois*, 505 F.3d 742, 745 (7th Cir. 2007)." (Opinion and Order, p. 13).[1]

Further, although the Defendants characterize these contacts as *de minimis*, as set forth above, this Court has already noted that there is a reasonable probability that these contacts will occur. As Plaintiffs allege, these unwanted contacts, based on Defendants' stated policy, violate their Second Amendment rights. To characterize a reasonable probability of the violation of rights guaranteed by the Constitution is not *de minimis*.

**B.  Plaintiffs' Injuries Will Be Redressed by a Favorable Decision.**

The Plaintiffs have directly addressed the Court's earlier concerns with regard to the redress of the injury-in-fact. (Plaintiffs' Brief, pp. 6-7). In response, the Defendants now allege that any chilling effect on Plaintiffs' rights "will not be redressed by a declaratory ruling, however, because police encounters, with or without probable cause or reasonable suspicion, will still remain a possibility." (Defendants' Brief, p. 4).

The stated policy of the City of Madison—still available as their ongoing policy—is to encourage anyone who sees an individual openly carrying to report that individual to authorities. Further, that policy requires police officers to respond to such reports and requires that the officer engage in unwanted contacts with the individual *even if there is absolutely no reason to believe the individual who is openly carrying is doing so illegally or engaging in any criminal activity*. (Release available at http://www.cityofmadison.com/news/view.cfm?news_id=2231). While one might suppose that there is a possibility that individuals who openly carry in the City of Madison may be subject to police encounters if the policy is changed, that is meaningless

---

[1] The Court's later concerns with regard to this prong of the test, and which originally resulted in the dismissal of this case—that there was no evidence of whether Plaintiffs would carry in the future—have been elaborated upon in the Second Amended Complaint, and detailed in the Plaintiff's Brief. Defendants do not appear to question those allegations nor the impact of those allegations on the Court's earlier concerns.

here. The policy remains in effect, and so too the constitutional infirmities remain as well. What will change with a change in policy is that those encounters, if they do occur at all, will, as the officers comply with the declaration of this Court, comply with the stated requirements of Second and Fourth Amendment case law—*not* the unconstitutional present policy of the City of Madison.

One issue related to justiciability is the type of police encounters implicated by the policy of the City of Madison; this issue is particularly helpful to examine briefly in light of Defendants' arguments in their Brief. Plaintiffs initially noted the myriad distinctions, as well as the potential differences in the applicable law related to those distinctions, in their Opposition to Renewed Motion to Dismiss. (Dkt. #21, pp. 8-11).

There are three types/tiers of police encounters: (1) consensual police encounters, (2) *Terry* stop police encounters, and (3) arrests. Each of these three encounters implicates different protections for the individuals who are subject to the police encounter; for the purposes of the City of Madison's policy, the type of police encounter that raises the Constitutional issues is the *Terry* stop.[2] A *Terry* stop requires that the police have reasonable, articulable suspicion that an individual is engaged in criminal activity. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). The problem Defendants fail to recognize in their briefing is that their policy implicates the *Terry* stops, under which a police officer must have a reasonable, articulable suspicion for the police encounter. However, Defendants' policy does not require such a reasonable, articulable suspicion, as it requires a police encounter even without any suspicion that an individual who is openly carrying is engaging in criminal activity—directly violating the mandates of *Terry* and its

---

[2] The *Terry* stop gets its name from the U.S. Supreme Court case of *Terry v. Ohio*, 392 U.S.1 (1968), in which the basic parameters of such police encounters were outlined.

progeny. [3] It is this unconstitutional behavior that Plaintiffs seek to enjoin through this lawsuit, and which would be able to be redressed by a favorable decision of this Court.

**II.  Plaintiffs' Case Is Ripe.**

This Court's concerns about the ripeness of this case for judicial review were addressed in Plaintiff's Brief. (Plaintiffs' Brief, p. 7). Defendants have used their most recent Brief to raise a new concern, unaddressed by this Court's Opinion and Order—whether this is an appropriate facial challenge.[4] As Defendants suggest, "plaintiffs seek a declaration that police officers may not initiate encounters with armed individuals without reasonable suspicion or probable cause to do so. The Court cannot issue such a declaration, however, that would be applicable in all circumstances, because police officers properly may have encounters with armed-individuals, even absent reasonable suspicion or probable cause. The Court can not declare in all circumstances that the police shall never question an individual about his weapon, or even separate the individual from his weapon during questioning, as a matter of public safety, in the discretion of officers on the scene." (Defendants' Brief, p. 5).

As set forth in Section I.B, *supra*, Defendants' policy is in direct violation of the mandates of the Constitution as set forth in a long line of cases on police encounters. The problem seems to be that Defendants mischaracterize their own policy in their Brief. As the policy states, any time that the police respond to a call where it has been reported that an

---

[3] Defendants cite to the case of *Maryland v. Wilson*, 519 U.S. 408 (1997), for their statement that police officers are not precluded from using discretion to separate an individual from his or her firearm during a police encounter as a precautionary measure, even without reasonable suspicion. However, the situation in *Maryland* is remarkably, and obviously, different than the situation here. In *Maryland*, the situation involved a traffic stop, which requires the police to have a reasonable suspicion of an offense—namely, a traffic violation. No such offense is required under Defendants' policy, which means that such a stop is unconstitutional.

[4] As Plaintiffs understood the Opinion and Order, the Court wished to have certain limited issues addressed; those issues were set forth in that Opinion. (Opinion and Order, pp. 17-18). Although Plaintiffs do not understand that Opinion and Order as requesting briefing on the issue of the facial constitutionality of Defendants' policy, because Defendants briefed this issue, Plaintiffs will make a limited response herein, and ask the Court for a further chance to respond if the Court wishes to have the more extensive issue of facial Constitutional challenges addressed, especially in light of the myriad and complicated issues this type of analysis involves.

individual is openly carrying, whether the situation calls for it or not, "Officers should separate the suspect from any weapons in his/her possession during the encounter." The issue is not *whether* police officers will have incidental and unwanted contact with individuals who are openly carrying in the absence of the policy, as Defendants characterize the situation. Rather, the situation is that the policy *requires* police officers to have contact with individuals who are openly carrying, whether or not the situation warrants that unwanted contact, as long as the policy exists. Indeed, the police officer need not have any suspicion at all, let alone the Constitutionally required level of suspicion. If the incident is reported, the unwanted contacts are *required* by the stated policy of the City of Madison. It is the requirement that such contact occur which is always unconstitutional, and which leads to the facial constitutional challenge here.[5]

### III. Conclusion

For the reasons set forth above, as well as the reasons set forth in Plaintiffs' Brief on Justiciability, Plaintiffs meet the requirements of justiciability with regard to the allegations set forth in the Second Amended Complaint, and this case should be allowed to proceed.

Respectfully submitted this 31st day of May, 2011

TROUPIS LAW OFFICE LLC                         LAW OFFICES OF JOHN R. MONROE

By: _/s/  Sarah E. Troupis_____.
   James R. Troupis (SBN #1005341)              John R. Monroe
   Sarah E. Troupis (SBN #1061515)              Attorney at Law
   Troupis Law Office LLC                       9640 Coleman Road
   7609 Elmwood Avenue, Suite 102               Roswell, Georgia 30075
   Middleton, Wisconsin 53562                   Phone: (678) 362-7650
   Phone: (608) 807-4096                        Fax: (770) 552-9318
   Email: jrtroupis@troupislawoffice.com        Email: john.monroe1@earlthlink.net
        *Attorneys for all Plaintiffs*                *Attorneys for all Plaintiffs*

---

[5] Defendants' argument is also flawed in that it assumes that this Court will render a declaratory judgment without further development of the facts, such as a determination of the exact policy of the City of Madison, as well as further development of the legal issues surrounding the case. Plaintiffs are not asking the Court for a declaratory ruling at this point in the proceedings, but merely that they be given their day in court to develop a case in support of what they believe are the unconstitutional actions of the Defendants.