IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN CARRY, INC.,
BENJAMIN MOYES, LARRY HERZOG
and WILLIAM J. VEERHUSEN,

                                                                    ORDER
                    Plaintiffs,

                                                                    10-cv-548-bbc
            v.

CITY OF MADISON, WISCONSIN,
and NOBLE WRAY, in his official
capacity as Chief of Police of the
City of Madison, Wisconsin,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Wisconsin Carry, Inc., Benjamin Moyes, Larry Herzog and William J.

Veerhusen have filed a second amended complaint in response to this court's April 4, 2011

order dismissing their previous complaint without prejudice because they failed to include

sufficient allegations showing that their claims were justiciable. In particular, plaintiffs failed

to show that they had standing to challenge a policy of defendants City of Madison and

Noble Wray (the chief of police) regarding the open carrying of firearms or that such a claim

was ripe. They have included additional allegations to address the concerns raised by the

1

court in that order. (Brad Chapiewsky was a plaintiff in the previous complaint, but he did not join the second amended complaint, so I have removed his name from the caption.) Because the new allegations are sufficient to show at this stage that defendants' policy is altering plaintiffs' behavior, I will allow the case to go forward.  I express no opinion on the merits on plaintiffs' claims because that is outside the scope of the issues before the court.

The three individual plaintiffs are gun owners who live in or near Madison, Wisconsin and belong to plaintiff Wisconsin Carry, Inc., an organization devoted to "promoting the free exercise of the right to keep and bear arms for its members and securing those rights through education and litigation." Sec. Am. Cpt. ¶ 1, dkt. #28.  They wish to carry firearms openly where it is legal to do so and are challenging what they describe as a policy of defendants in a press release from September 2010:

Chief Wray wants to make clear: It is the department's wish that concerned citizens call 911 when they see armed subjects.

Following Saturday's incident, he sent an internal memo to all officers:

MPD officers regularly are dispatched to reports of individuals who are armed with firearms. When responding to these incidents, officers should:

• Approach the suspect using the proper tactical response. The individual should be contacted, controlled, and frisked for weapons if appropriate. Officers should separate the suspect from any weapons in his/her possession during the encounter.

• Officers should conduct a thorough investigation to determine whether any violations of state statute or city ordinance have occurred. Some of the

2

relevant offenses to consider include:

• Carrying a Concealed Weapon (&#167;941.23)

• Disorderly Conduct (&#167;947.01)

• Carrying a Firearm in Public Building (&#167;941.235)

• Carrying Handgun Where Alcohol Beverages May be Sold and Consumed (&#167;941.237)

• Being a Felon in Possession of a Firearm (&#167;941.29)

• Safe Use and Transportation of Firearms (&#167;167.31)

• Possession of Short-Barreled Shotgun or Short-Barreled Rifle (&#167;941.28)

• Gun-free School Zones (&#167;948.605)

• Possession of a Dangerous Weapon by a Person Under 18 (&#167;948.60)

• Endangering Safety by Use of Dangerous Weapon (&#167;941.20)

• Officers should verify that the firearm is not stolen, and attempt to verify that the person possessing the firearm is not legally barred from doing so (as a felon, due to an injunction, etc.). However, someone who has been detained is not legally obligated to provide identification to officers if no criminal ordinance violations have occurred. A person who refuses to provide identification should not be arrested for obstructing; however, if probable cause for another offense exists the suspect should be arrested for that offense and can then be identified during the citation or booking process.

• When responding to incidents involving subjects openly carrying firearms in public places, officers should investigate to determine whether the suspects actions caused or were likely to cause a disturbance. The primary factors to be considered include the location, time of day and witness/bystander

perceptions. Remember that the disorderly conduct statute does not require that an actual disturbance take place, only that the conduct in question be of a type that tends to cause or provoke a disturbance.

• It is my expectation that MPD officers encountering individuals who are armed with firearms in public places will take a pro-enforcement approach. If the investigation shows probable cause for a violation, the suspect should be arrested or cited.

(The "Saturday incident" mentioned in the press release involved the arrest of five men who were charged with disorderly conduct for carrying handguns in holsters at a Culver's restaurant on the east side of Madison.  Plaintiffs do not rely on that incident to support their argument, so I do not consider it.)

In the April 4 order, I concluded that it was reasonable to infer from the complaint that the press release represented the policy of defendant because it includes instructions directed at all Madison police officers regarding the proper course of action when confronted with a person carrying a firearm.  However, plaintiffs' claims were not justiciable to the extent they sought to declare as unlawful a potential arrest or prosecution because the policy at issue does not require or instruct officers to arrest all individuals who are carrying firearms and none of the plaintiffs alleged that they had any intent to violate any of the laws listed in the policy.  Thus, any claim by plaintiffs that they would be arrested or prosecuted for carrying a firearm was speculative.

With respect to other unwanted police contact, such as being questioned or having

4

their firearm seized during the police encounter, the likelihood of that occurring was less speculative because the policy does not seem to make police action contingent on the particular circumstances. In particular, because the policy encourages citizens to call the police any time they see someone with a firearm and the policy seems to require officers to have the contacts whenever they receive notification, there is at least a "reasonable probability" of a police interaction in the event any of the plaintiffs would choose to carry a firearm openly. MainStreet Organization of Realtors v. Calumet City, Illinois, 505 F.3d 742, 745 (7th Cir. 2007).

The problem with plaintiffs' challenge to the unwanted police contact was that plaintiffs were not clear in the complaint whether the prospect of that contact was altering their behavior. Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 182-83 (2000) (plaintiff may establish standing to sue with evidence that she is choosing not to engage in particular behavior in order to avoid being harmed by defendant). That is, if plaintiffs succeeded on their challenge to the policy, would they carry a gun openly, even if they could not obtain a declaration regarding potential arrest or prosecution? Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) (to obtain standing, plaintiffs must show that success on their claim is likely to redress their injury).

In their second amended complaint, each of the individual plaintiffs alleges that defendants' policy is deterring him from carrying a firearm in Madison and that he will begin

5

carrying a firearm openly if the policy is invalidated, "even if [he is] unable to obtain a pre-enforcement ruling regarding potential arrest or prosecution."  Sec. Am. Cpt. ¶¶ 25, 27 and 29, dkt. #28.  That is sufficient at this stage to show that the individual plaintiffs' claims are justiciable.  Cf. Ezell v. City of Chicago, No. 10-3535, — F.3d —,  2011 WL 2623511, *7 (7th Cir. Jul. 6, 2011) (gun owners had standing to challenge city ordinance that required all owners to obtain gun training but prohibited training facilities within city limits; although owners had not been prosecuted and had not violated the law, it was sufficient that they "took affirmative steps to comply with the Ordinanc[e]").  Because the individual plaintiffs are members of Wisconsin Carry and the purpose of the group is related to the issues in this lawsuit, the group has standing as well.  Friends of the Earth, 528 U.S. at 181 (organization has standing to sue when at least one of its members has standing on matter related to purpose of organization).

In their brief opposing the second amended complaint, defendants primarily repeat arguments they made in their motion to dismiss about the speculative nature of any unwanted police contact plaintiffs might have, but I rejected this argument in the April 4 order and need not discuss it again.  In addition, defendants suggest that plaintiffs' claims fail on the merits.  However, plaintiffs do not develop those arguments and they are beyond the scope of the issue before the court, which is justiciability.  If defendants believe that the policy is constitutional, they are free to file a dispositive motion on that ground.  Finally,

6

defendants suggest that the court should abstain from deciding the case, but they fail to cite relevant authority for this view or otherwise develop an argument beyond repeating what they said regarding standing and ripeness.  Defendants have not shown that this is a case in which the court should depart from "the normal principle that federal courts should adjudicate claims within their jurisdiction."  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

ORDER

IT IS ORDERED that the second amended complaint filed by plaintiffs Wisconsin Carry, Inc., Benjamin Moyes, Larry Herzog and William J. Veehusen, dkt.#28, is ACCEPTED as the operative pleading in this case.

Entered this 15th day of July, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

7